IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| ANGELO DEMETRY APADACA, Plaintiff, v. FRED BURMESTER et al., Defendants. | **MEMORANDUM DECISION & ORDER TO AMEND DEFICIENT AMENDED COMPLAINT** Case No. 1:13-CV-44-RJS District Judge Robert J. Shelby |
|---|---|

Plaintiff, Angelo Demetry Apadaca, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2013), *in forma pauperis, see* 28 id. § 1915. On June 7, 2013, the Court recited the deficiencies in Plaintiff's Complaint, gave him guidance as to how to cure the deficiencies, and ordered him to file an Amended Complaint if to proceed further with this case. Plaintiff then filed an Amended Complaint. The Court now screens the Amended Complaint and notes the Amended Complaint is identical to the original complaint. The Court therefore orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing his claims.

**Deficiencies in Amended Complaint**

Amended Complaint:

(a) alleges claims that are possibly invalidated by the rule in *Heck* (see below).

(b) possibly alleges claims that concern the constitutionality of his conviction and/or validity of his imprisonment, which should be brought in a habeas-corpus petition, not a civil-rights complaint.

(c) brings civil-rights claims against his defense attorney, who is not properly named, as she is not a state actor. *See Garza v. Bandy*, No. 08-3152, 2008 U.S. App. LEXIS 17440, at *4 (10th Cir. Aug. 13, 2008) (unpublished) ("[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).

(d) does not address Prosecutor Fred Burmeseter's potential immunity from suit, as further. explained below.

(e) has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*'adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

### Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

*Pro se* litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by

reference, any portion of the original complaint. See *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v.Maynard,* 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Fifth, the Court concludes that Plaintiff's claims appear to involve some allegations that if true may invalidate his conviction and/or sentencing. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their

conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights in a way that may attack Petitioner's very imprisonment. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it appears it would regarding some claims. If this Court were to conclude that Plaintiff's constitutional rights regarding illegal incarceration were violated in a prejudicial manner, it would be stating that Plaintiff's conviction and/or sentence were not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has not happened and may result in dismissal of such claims.

Sixth, a prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Burmester's acts, as alleged by Plaintiff, appear to relate to his advocacy before the court. This defendant therefore may be entitled to absolute prosecutorial immunity from this lawsuit.

**ORDER**

IT IS HEREBY ORDERED:

(1) Plaintiff must within thirty days cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

DATED this __22nd__ day of November, 2013.

BY THE COURT:

Robert J. Shelby
United States District Judge